**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CATHERINE M. RIGA,**

              **Plaintiff,**

**-vs-**                                                     **Case No. 6:11-cv-2006-Orl-19KRS**

**ALLSTATE AUTOMOBILE INSURANCE CO.,**

              **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OF COSTS (Doc. No. 13)**
>
> **FILED: January 17, 2011**

      After the undersigned recommended that Plaintiff Catherine M. Riga's complaint be dismissed, Riga filed an amended complaint against Defendant Allstate Automobile Insurance Co. Doc. No. 12. In the amended complaint, Riga alleges that Allstate violated sections 624.155(1)(a), 626.9541(1)(o)3.a, 3.b.viii, and (l)(o)5, Fla. Stat. She does not allege with any specificity the facts supporting her claims, other than that she was in an automobile collision after which Allstate increased her premium, did not notify her of the right to potential reimbursement and did not explain why it felt she was at fault in the accident.[1]

---

[1] In her original complaint, Riga alleged that she was not at fault in the collision and that, as a result of the proposed settlements, Allstate increased her insurance premiums. Doc. No. 1.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Riga has not alleged sufficient facts to show that this Court could exercise jurisdiction over her claims. To proceed on alleged violations of state law in this Court, Riga must allege that she is a citizen of a state different from the state in which Allstate is a citizen. She must also allege that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. She has not made these allegations. In her original complaint, she alleged that the settlement of the claims under discussion were less than $75,000. There is no allegation regarding the amount her premiums have increased. Doc. No. 1.

It does not appear from the facts alleged in the original and amended complaints that Riga's claims fall within the Court's diversity jurisdiction. Because Riga is proceeding *pro se*, it would generally be appropriate to permit her to file another amended complaint to allow her to state more clearly the legal and factual basis of her claim. Because it appears that Riga cannot allege sufficient facts to support diversity jurisdiction in this Court, and because Riga could file her claims in state court, it does not appear necessary to give her an opportunity to file a second amended complaint.

Accordingly, I **respectfully recommend** that the Court **DISMISS** the case without prejudice, **DENY** the motion to proceed *in forma pauperis*, Doc. No. 13, and **DIRECT** the Clerk of Court to close the file.[2]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 23, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] Riga may not file a second amended complaint without leave of Court. Fed. R. Civ. P. 15(a)(2).