# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CATHERINE M. RIGA,**

        **Plaintiff,**

**-vs-**                                        **Case No. 6:11-cv-2006-Orl-19KRS**

**ALLSTATE AUTOMOBILE INSURANCE CO.,**

        **Defendants.**

_____

## ORDER

This case comes before the Court on the following:

1. Application to Proceed in District Court without Prepaying Fees or Costs by Plaintiff Catherine M. Riga (Doc. No. 13, filed Jan. 17, 2012);

2. The Report and Recommendation of United States Magistrate Judge Karla R. Spaulding on Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 14, filed Jan. 23, 2012); and

3. Objection to the Report and Recommendation of United States Magistrate Judge Karla R. Spaulding by Plaintiff Catherine M. Riga (Doc. No. 15, filed Feb. 2, 2012.)

### Background

Catherine M. Riga ("Plaintiff") initiated this action pursuant to Sections 624.155(1)(a), (1)(b)(1), Florida Statutes, by filing a Complaint against her insurer Allstate arising out of an automobile accident occurring on or about January 2, 2011. (Doc. No. 1 ¶ 5, filed Dec. 19, 2011.) The other vehicle involved in the accident was driven by Karen Tillman and contained three passengers, Anthony Reed, Brittani Scott,

and Alex Harris. (*Id.*) According to the Complaint, Officer Trooper Eldridge of the Florida Highway Patrol ("FHP") conducted the accident investigation. (*Id.* ¶ 7.) However, Plaintiff alleges that Officer Eldridge did not obtain a complete statement from Plaintiff for his report. (*Id.*) Plaintiff ultimately received a traffic citation from the accident for making an improper or unsafe u-turn. (Doc. No. 1-1 at 26.)

Anthony Reed, Karen Tillman, and Brittani Scott each filed separate demands with Allstate for $75,000 for injuries and medical expenses. (Doc. No. 1-1 at 6, 11, 16.) They subsequently released Plaintiff from "any and all claims, demands, damages . . . sustained . . . as a result" of the January 2, 2011 accident in consideration for differing sums of money paid by Allstate. (Doc. No. 1-1 at 9, 14, 19.)

Plaintiff argues that the accident report prepared by FHP and relied on by Allstate is inaccurate and does not illustrate what Riga reported to Officer Eldridge. (*Id.* ¶ 9.) As a result, Plaintiff claims that she has been "financially injured with significant increased insurance premiums . . . attributed to both fraud and the insurer's bad faith decision not to further examine and contest the fraud which is clearly illustrated on the Florida Highway Patrol . . . police investigation report." (*Id.* at 1.)

The same day that Plaintiff filed the Complaint, Plaintiff also filed an Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. No. 2, filed Dec. 19, 2011.) Four days later, the Court entered an Order *sua sponte* dismissing the Complaint without prejudice for failing to allege a basis for federal jurisdiction. (Doc. No. 5, filed Dec. 23, 2011.) Magistrate Judge Karla R. Spaulding then issued a Report and Recommendation recommending that the Application to Proceed in District Court without Prepaying Fees or Costs be denied and the case be dismissed without prejudice because the Complaint failed to state a claim upon which relief could be granted. (Doc. No. 9 at 2, filed Jan. 5, 2012.)

On January 17, 2012, Plaintiff filed an Amended Complaint in response to Magistrate Judge Spaulding's Report and Recommendation. (Doc. No. 12.) In the Amended Complaint, Plaintiff seeks to

bring suit against Allstate under Section 624.155(1)(a)1., Florida Statutes, for violating Section 626.9541(1)(o)3.a., Florida Statutes. Section 626.9541(1)(o)3.a., defines the following as an unfair method of competition and an unfair or deceptive act or practice:

> [i]mposing or requesting an additional premium for a policy of motor vehicle liability, personal injury protection, medical payment, or collision insurance or any combination thereof or refusing to renew the policy solely because the insured was involved in a motor vehicle accident unless the insurer's file contains information from which the insurer in good faith determines that the insured was substantially at fault in the accident.

§ 626.9541(1)(o)3.a., Fla. Stat. (2011). Section 624.155(1)(a)1., Florida Statutes, allows a person to bring a civil action against an insurer for violating Section 626.9541(1)(i), (o), or (x). § 624.155(1)(a)1., Fla. Stat. (2005). Additionally, Plaintiff alleges that she has contacted Allstate on multiple occasions to explain that the accident report prepared by the FHP officer was fraudulent. (Doc. No. 12 at 2.) Plaintiff claims that, even after such efforts, Allstate has still increased her insurance premium and "never notified [her] of her right to potential reimbursement." (*Id.*) Moreover, Plaintiff alleges that she has never received an explanation from Allstate as to why it found her at fault, even though Plaintiff has allegedly requested one. (*Id.*)

Plaintiff then filed another Application to Proceed in District Court without Prepaying Fees or Costs on January 17, 2012.[1] (Doc. No. 13.) On January 23, 2012, Magistrate Judge Spaulding issued a second Report and Recommendation recommending that the Court dismiss the case without prejudice and deny Plaintiff's second Application on the grounds that Plaintiff "has not alleged sufficient facts to show that this Court could exercise jurisdiction over her claims." (Doc. No. 14 at 2.) Specifically, Magistrate Judge Spaulding concluded that Plaintiff has not alleged (1) "that she is a citizen of a state different from

---

[1] As noted in the docket entry, the second Application to Proceed in District Court without Prepaying Fees or Costs was filed without the second page. (Doc. No. 13.)

the state in which Allstate is a citizen;" and (2) "that the amount in controversy exceeds $75,000." (Doc. No. 14 at 2.) Plaintiff timely filed her objections to the second Report and Recommendation on February 2, 2012. (Doc. No. 15.)

**Standard of Review**

When a motion is delegated to a magistrate judge under Title 28, Section 636(b), of the United States Code, the magistrate judge is required to submit a report to the district court and parties. 28 U.S.C. § 636(b). If a party makes a proper objection to the magistrate judge's report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which the objection is made. FED. R. CIV. P. 72(b)(3); *Macort v. Prem, Inc.,* 208 Fed. App'x 781, 783-84 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 Fed. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). The District Court may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. FED. R. CIV. P. 72(b)(3); *Macort,* 208 Fed. App'x at 784 (quoting *Heath,* 863 F.2d at 822). When conducting its *de novo* review, "the district court's consideration of the factual issue [must] be independent and based upon the record before the court." *Macort,* 208 Fed. App'x at 784 (quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).

**Discussion**

Plaintiff makes two specific objections to Magistrate Judge Spaulding's second Report and Recommendation. (Doc. No. 15.) First, Plaintiff notes that she did not include allegations of citizenship in the Amended Complaint "since it is disclosed on the Civil cover sheet" and because "the Clerk's Guide to Procedure Part One: I.B.2. Notes: Corporations should not be marked as *Citizens*." (*Id.* at 1.) Second, Plaintiff explains that she did not allege an amount of damages because the civil cover sheet for diversity

cases "does not concern itself with dollar amounts." (*Id.*)  In her objection, Plaintiff also alleges that Allstate is incorporated in the state of Delaware with corporate offices in the state of Illinois and that she is a resident of Florida. (*Id.* at 2.)  Additionally, Plaintiff claims that "the amount in controversy is presumed to exceed $75,000" and that after submitting her Amended Complaint, Alex Harris, one of the passengers in the car, submitted a demand letter seeking $100,000 from Allstate. (*Id.*)

Plaintiff's arguments are without merit.  A federal court is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  Accordingly, a federal court should inquire whether it has jurisdiction over a case at the earliest stage in the proceedings.  *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999).  "[O]nce a court determines that there has been no jurisdictional grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction."  *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *E.g., Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1247 (11th Cir. 2005).  It is a plaintiff's responsibility in a federal civil action to set forth the basis for the court's subject matter jurisdiction in the complaint. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994).  Furthermore, Federal Rule of Civil Procedure 8(a) requires that a complaint "contain a short and plain statement of the grounds for the court's jurisdiction."  FED. R. CIV. P. 8(a)(1).

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).  A district court has federal question jurisdiction over an action "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A district

court has diversity jurisdiction in an action where "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States . . . ." *Id.* § 1332(a).

In the present case, Plaintiff has failed to establish that this Court has subject matter jurisdiction over her claims. In her original Complaint, Plaintiff alleged that this Court had federal question jurisdiction under 28 U.S.C. § 1331. (Doc. No. 1 ¶ 3.) However, Plaintiff has only alleged claims under Florida state statutes. (Doc. Nos. 1, 12.) District courts do not have federal question jurisdiction to hear an action with claims solely arising under state law. *Kerr-McGee Chem. Corp. v. Ill.,* 459 U.S. 1049, 1050 (1982). Moreover, neither the Complaint nor the Amended Complaint reference a claim arising under federal law. (Doc. Nos. 1, 12.) Accordingly, Plaintiff has not alleged federal question jurisdiction.

Magistrate Judge Spaulding properly noted that Plaintiff has failed to demonstrate that this Court could exercise diversity jurisdiction over her claims. (Doc. No. 14 at 2.) "The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction . . . ." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).[2]

First, Plaintiff has failed to establish diversity of citizenship among the parties. In her original Complaint, Plaintiff alleged that she is "living in Orlando, Florida" and that Allstate has its principal office in Illinois. (Doc. No. 1 ¶¶ 1, 2.) In the Amended Complaint, Plaintiff alleges that she is a "current resident of Orlando, Florida" but does not allege Allstate's citizenship. (Doc. No. 12 at 1.) Magistrate Judge Spaulding therefore concluded that Plaintiff has not alleged that she is a "citizen of a state different from the state in which Allstate is a citizen." (Doc. No. 14 at 2.) In response, Plaintiff contends that citizenship of the parties was not required since it was disclosed on the civil cover sheet and because "the Clerk's

---

[2] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Guide to Procedures Part One: I. B. 2. Notes: Corporations should not be marked as *Citizens.*"[3] (Doc. No. 15 at 1.)

For purposes of diversity jurisdiction, a corporation is considered a citizen of the state in which it is incorporated and of the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead,* 162 F.3d 1101, 1106 (11th Cir. 1998). "A corporation's principal place of business is determined by looking at the 'total activities' of the corporation." *Bel-Bel Int'l Corp.,* 162 F.3d at 1106 (quoting *Village Fair Shopping Ctr. Co. v. Sam Broadhead Trust,* 588 F.2d 431, 434 (5th Cir. 1979)). In her original Complaint, Plaintiff alleged that Allstate "has its principal office in Northbrook, IL." (Doc. No. 1 ¶ 2.) In the Amended Complaint, Plaintiff alleges that Allstate appears on the secretary of state's websites in both Illinois and Delaware, and the caption indicates that Allstate is a Delaware corporation. (Doc. No. 12 at 1.) Lastly, in her objection to Magistrate Judge Spaulding's second Report and Recommendation, Plaintiff alleges that Allstate is "incorporated in the state of Delaware with corporate offices in the state of Illinois." (Doc. No. 15 at 2.)

Plaintiff therefore has failed to allege the citizenship of Allstate. While the Amended Complaint and Plaintiff's objection to the second Report and Recommendation allege that Allstate is incorporated in Delaware, neither establish Allstate's principal place of business. (Doc. No. 12, Doc. No. 15 at 2); *see Martin v. CTB, Inc.,* 148 F. Supp. 2d 1266, 1267 (M.D. Ala. 2001) (noting that "in order to assert diversity

---

[3] Part One: I. B. 2. of the Middle District of Florida Clerk's Office Guide to Services and Procedures includes instructions for completing the Citizenship of Principal Parties section of the Civil Cover Sheet. Part One: I. B. 2. notes that this section "requires only one 'X' for the first plaintiff and one 'X' for the first defendant" and that "Corporations should not be marked as citizens." Instead, the Citizenship of Principal Parties section of the Civil Cover Sheet provides a separate box where the plaintiff may check that either the plaintiff or the defendant is incorporated or has its principal place of business in this state or another state. Moreover, the Clerk's Office Guide to Services and Procedures does not govern jurisdictional allegations within a complaint.

jurisdiction where a corporation is a party, it is necessary to allege the citizenship of both the State of incorporation *and* the State where the corporation has its principal place of business") (emphasis in original). And, while Plaintiff's original Complaint alleged that Allstate's principal office is located in Illinois, the original Complaint was dismissed pursuant to the Court's Order entered December 23, 2011. (Doc. No. 1 ¶ 2, Doc. No. 5.)

Moreover, even liberally construing Plaintiff's allegations as required for *pro se* litigants, Plaintiff has failed to establish diversity of citizenship because Plaintiff has not properly alleged her own citizenship. *See Braggs v. Dep't of Veterans Affairs,* No. 09-0756-KD-M, 2010 WL 551325, at *2 (S.D. Ala. Feb. 10, 2010) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)) ("When addressing a *pro se* litigant's allegations, the Court gives them a liberal construction by holding them to a more lenient standard than those of an attorney."). Specifically, Plaintiff incorrectly relies on the civil cover sheet to establish diversity jurisdiction. (Doc. No. 15 at 1.) While another district court found it had jurisdiction over an action when jurisdiction was alleged in the civil cover sheet and not in the complaint, it is questionable whether such a finding would be authorized in the Middle District of Florida. *See Bryant v. Cruises, Inc.,* 6 F. Supp. 1314, 1317 n.1 (N.D. Ala. 1998) ("Although plaintiff does not mention diversity in her complaint, diversity jurisdiction is asserted on the civil cover sheet accompanying the complaint."). Allegations of citizenship for purposes of establishing jurisdiction should be alleged in Plaintiff's Amended Complaint, and any amended complaint filed with the court must be filed "in its entirety with the amendments incorporated therein." Local Rule 4.01(a).

Moreover, the civil cover sheet attached to Plaintiff's Amended Complaint does not allege the basis of jurisdiction or the citizenship of the parties. (Doc. No. 12-1.) Instead, the civil cover sheet merely asserts that Plaintiff is a resident of Orange County and Allstate is a resident of Cook County. (*Id.*) For

purposes of diversity jurisdiction, "citizenship means domicile; mere *residence* in the State is not sufficient." *Mas v. Perry,* 489 F.2d at 1399 (emphasis added) (citations omitted); *Taylor v. Appleton,* 30 F.3d at 1367. Accordingly, Plaintiff's allegations that she is "living in Orlando, Florida" and that she is a resident of Florida are also insufficient to establish diversity of citizenship among the parties. (Doc. No. 1 ¶ 1, Doc. No. 12 at 1, Doc. No. 15 at 2.)

Second, Magistrate Judge Spaulding was correct in concluding that Plaintiff has failed to allege an amount in controversy exceeding $75,000. (Doc. No. 14 at 2.) Plaintiff argues that her Amended Complaint omitted an amount in controversy because "[i]n order to file a *brief* complaint statement, and since the Civil cover sheet's box III . . . does not concern itself with dollar amounts, discussing money was avoided . . . ." (Doc. No. 15 at 1.) Even if the civil cover sheet does not ask for an amount in controversy, Federal Rule of Civil Procedure 8(a) still requires a "short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1). And, although this Court is required to construe Plaintiff's allegations liberally, a "*pro se* litigant is 'subject to the relevant laws and rules of court including the Federal Rules of Civil Procedure.'" *Braggs,* 2010 WL 551325, at * 2 (quoting *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989)); *Mann v. Pettigrew,* No. 5:10-cv-435-Oc-10GRJ, 2011 WL 653181, at *1 (M.D. Fla. Feb. 11, 2011) (noting that *pro se* plaintiffs are "still required to comply with the relevant law and rules of the court").

In her original Complaint, Plaintiff alleged that "[c]laims total *less than* $75,000", and Plaintiff did not allege any amount in controversy in the Amended Complaint. (Doc. No. 1 ¶ 1 (emphasis added), Doc. No. 12.) In Plaintiff's objection to Magistrate Judge Spaulding's second Report and Recommendation, Plaintiff contends that "the amount in controversy is presumed to exceed $75,000." (Doc. No. 15 at 2.) However, such a conclusory assertion is insufficient to establish the jurisdictional amount. *Morrison v.*

*Allstate Indem. Co.,* 228 F.3d 1255, 1272 n.17 (11th Cir. 2000) ("A conclusory allegation that the amount in controversy requirement is satisfied [is] insufficient to sustain jurisdiction once that allegation is challenged."); *see also Eze v. Am. Equip. Leasing, LLC,* No. 6:11-cv-1213-Orl-22DAB, 2011 WL 4481436, at *3 (M.D. Fla. Sept. 27, 2011) (finding the statement that plaintiff's "breach of contract claim alone provides for damages in excess of $75,000 due to lost income, lost back and front pay, and lost profits" conclusory and insufficient to establish the required amount in controversy).

Plaintiff has offered no factual support for her claim that the amount in controversy is "presumed to exceed $75,000." And, while Plaintiff alleges that Alex Harris, a passenger in the other vehicle, has recently filed a demand letter (the "Harris demand letter") with Allstate seeking $100,000, Plaintiff offers no allegation in the amended pleading which indicates whether Allstate will or has paid the entire amount demanded.[4] (Doc. No. 15 at 2.) Moreover, Harris could release Plaintiff from possible claims to receive a different amount from Allstate.[5] *See May v. Wal-Mart Stores, Inc.,* 751 F. Supp. 2d 946, 949 (E.D. Ky. 2010) (noting that in the context of removal, a settlement demand letter seeking more than $75,000 in damages did not "establish that it is more likely than not that the amount in controversy exceeds $75,000"); *Hogans v. Reynolds,* No. 2:05-CV-350-FWO, 2005 WL 1514070, at *3 (M.D. Ala. June 24, 2005). In addition, even if Allstate pays the entire $100,000 demanded by Harris, the instant suit was brought against Allstate for alleged improper increases in Plaintiff's premiums. Plaintiff has failed to allege in the Amended Complaint or in her objection to the second Report and Recommendation any

---

[4] On the date of this Order, Plaintiff has not provided the Court with the Harris demand letter.

[5] Plaintiff attached to the first Complaint a document which reflects that Karen Tillman, Anthony Reed, and Brittani Scott have released Plaintiff from any claims arising from the accident in return for a specific sum from Allstate. (Doc. No. 1-1 at 9, 14, 19.)

amount by which her premiums have increased.[6] (*See* Doc. Nos. 12, 15.) Accordingly, Plaintiff has not shown that the amount in controversy exceeds $75,000.

**CONCLUSION**

Plaintiff has failed to allege facts which establish that this Court has jurisdiction over her claims. Therefore, the Court **OVERRULES** Plaintiff's objections to Magistrate Judge Spaulding's second Report and Recommendation (Doc. No. 15), and **ADOPTS** Magistrate Judge Spaulding's second Report and Recommendation. (Doc. No. 14.) The Court **DISMISSES** the case without prejudice for lack of subject matter jurisdiction and **DENIES** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. No. 13.) Additionally, if the Plaintiff wishes to file a Second Amended Complaint with this Court, she must first obtain the written consent of the opposing party or request leave of the Court. FED. R. CIV. P. 15(a)(2). The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February __22__, 2012.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

---

[6] In the original Complaint, Plaintiff did allege that her premiums under Allstate have increased to "about $40 monthly." (Doc. No. 1 at 7.) However, as previously noted, the original Complaint was dismissed by the Court without prejudice. (Doc. No. 5.)

Copies furnished to:

Counsel of Record
Unrepresented Parties